1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

MISTY W.,[1]

                                    Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner of the Social Security
Administration,

                                    Defendant.

Case No.:  22cv670-LR

**ORDER REGARDING JOINT
MOTION FOR JUDICIAL
REVIEW**

**[ECF No. 15]**

18
19
20
21
22
23
24
25
26

        On May 12, 2022, Plaintiff Misty W. ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Defendant") denying Plaintiff's application for supplemental security income benefits.  (Compl., ECF No. 1.)  Now pending before the Court is the parties' Joint Motion for Judicial Review.  (See J. Mot. Judicial Review, ECF No. 15 ("J. Mot.").)  For the reasons set forth below, the Court **ORDERS** that judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

27
28

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-government party or parties in this case.  See S.D. Cal. Civ. R. 7.1(e)(6)(b).

1

# I.    PROCEDURAL BACKGROUND

On June 19, 2019, Plaintiff filed her first application for supplemental security income, alleging disability beginning on April 21, 2015.  (See Certified Admin. R. 206-214, ECF No. 11 ("AR").)  On September 16, 2019, the application was denied initially (see id. at 120); and was denied upon reconsideration on January 6, 2020.  (See id. at 129.)  On January 12, 2021, a hearing regarding Plaintiff's application was held before Administrative Law Judge ("ALJ") James Delphey.  (Id. at 47.)  A vocational expert testified at the January 12, 2021 hearing.  (See id. at 79.)  On March 10, 2021, ALJ Delphey determined that Plaintiff was not disabled between June 19, 2019, the date her application was filed, and the date of his decision.  (See id. at 32.)  After Plaintiff requested that the Appeals Council review ALJ Delphey's decision (see id. at 189) the Appeals Council denied Plaintiff's request for review on March 16, 2022.  (See id. at 1-5.)  Plaintiff filed the instant civil action on May 12, 2022.  (See Compl., ECF No. 1.)

# II.    THE SEQUENTIAL DISABILITY PROCESS

The initial burden of proof rests upon the claimant to establish disability.  See Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet his burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner has established a five-step process for determining whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  At the first step of the five-step sequential evaluation process, the ALJ must determine if a claimant is engaged in "substantial gainful activity;" if so, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  At the second step, the ALJ must determine whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted or is expected to last for a continuous period of at least 12 months; if not, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); see also 20 C.F.R. §§

404.1509, 416.909.  At the third step, the ALJ must determine if the claimant's impairment(s) meets or equals that of a listed impairment; if so, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  At the fourth step, the ALJ must determine whether, based on the claimant's residual functional capacity, the claimant can perform his or her past relevant work; if so, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At the fifth step, the ALJ must determine whether, based on the claimant's residual functional capacity, age, education, and work experience, the claimant can make an adjustment to other work; if so, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.    SUMMARY OF THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application.  (See AR at 25.)  At step two, the ALJ found that Plaintiff had the following impairments: "epilepsy; lumbar and cervical spine degenerative disc disease; anxiety disorder; bipolar disorder; and post-traumatic stress disorder (PTSD)."  (Id. at 26.)  At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that met or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)."  (Id. at 26.)  Next, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) except as follows:

> can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolding; can occasionally balance, stoop, kneel, crouch, and crawl; can frequently reach, handle, finder, and feel bilaterally; can only occasionally push and pull with the legs, the lower extremities; needs to avoid any work at unprotected heights, around dangerous moving machinery, open flames or open bodies of water; needs to avoid any driving of a motor vehicle; needs to avoid any concentrated exposure to dust, odors, fumes, or pulmonary irritants; needs to avoid any concentrated exposure to extreme cold or extreme heat; needs to avoid loud noise and any flashing lights at the work station; limited to work

> involving simple routine tasks; only occasional interactions with supervisors and coworkers; no public interactions; requires a stable and habitual work environment in which any changes in work routine are introduced gradually.

(Id. at 28.)

At step four, the ALJ concluded that Plaintiff had no past relevant work.  (See id. at 31.)  The ALJ then proceeded to step five of the sequential evaluation process.  (See id. at 32.)  Based on the VE's testimony, the ALJ concluded that "considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," and she was therefore not disabled.  (Id.)

In concluding that Plaintiff was not disabled, the ALJ considered the four broad areas of mental functioning set forth in the regulations for evaluating mental disorders.  (See id. at 27.)  These four functional areas include (1) understanding, remembering, and applying information; (2) interacting with others; (3) concentration, persistence, or maintaining pace; and (4) adapting or managing oneself.  See 20 C.F.R. § 20 C.F.R. § 416.920a(b), (c).  These four functional areas are also known as the "paragraph B criteria" due to how they are categorized in the listings.  See 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ found that Plaintiff had a moderate limitation in the first area of mental functioning and moderate limitations in the other three areas.  (See AR at 27-28.)

## IV.   DISPUTED ISSUES

As reflected in the parties' Joint Motion for Judicial Review, Plaintiff raises the following issues as the grounds for reversal:

1.   Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony.  (J. Mot. at 8:19-20 ("The ALJ failed to articulate legally sufficient reasons for rejecting the testimony of [Plaintiff]."); 9:10-13 ("a claimant must substantiate her claims of disability with corroborating evidence to establish that she meets the Act's strict eligibility requirements.  The ALJ properly found that Plaintiff failed to present such

evidence here.").)

2.      Whether new evidence submitted to the Appeals Council in the form of a medical opinion by Jerry Benzl, M.D., necessitates remand.  (J. Mot. at 16:2-3 ("[t]he assessment from [] Dr. Benzl renders the ALJ decision no longer supported by substantial evidence[]"); 16:7-8 ("Plaintiff fails to establish that a medical opinion from Jerry F. Benzl, M.D., submitted to the Appeals Council after the ALJ had already rendered his decision necessitates reversal.").)

## V.      STANDARD OF REVIEW

Section 405(g) of the Social Security Act allows unsuccessful applicants to seek judicial review of the Commissioner's final decision.  42 U.S.C. § 405(g).  The scope of judicial review is limited, and the denial of benefits will not be disturbed if it is supported by substantial evidence in the record and contains no legal error.  See Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012), superseded by regulation on other grounds.

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence and based on the application of correct legal standards."  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam).  "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  Substantial evidence means "more than a mere scintilla but less than a preponderance."  Id.  In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "weigh both the evidence that supports and the evidence that detracts from the ALJ's factual conclusions."  Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation omitted).  When evidence is "susceptible to more than one rational interpretation, one of which supports the ALJ's decision," the Court must uphold the ALJ's conclusion.  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Courts may consider "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [he or she] did not rely."  Revels v. Berryhill, 874. F.3d 648, 654 (9th Cir. 2017) (internal quotation

omitted).

Error in a social security determination is subject to a harmless-error analysis. Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012). "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the ALJ's ultimate conclusion." Molina, 674 F.3d at 1115 (internal quotation omitted). The Court must "look at the record as a whole to determine whether the error alters the outcome of the case." Id. An error that is "inconsequential to the ultimate nondisability determination" is harmless. Id. (internal quotation omitted).

## VI.    DISCUSSION

**A.    The Appeals Council's Consideration of New Evidence**

### 1.    Applicable law

The Ninth Circuit has held that district courts do not have jurisdiction to review the decision of the Appeals Council in denying a request for review of an ALJ's decision because the Appeals Council's decision is a non-final agency action. See Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012) (citing Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1231 (9th Cir. 2011)). When the Appeals Council denies a claimant's request to review an ALJ's decision, the ALJ's decision becomes the final decision of the Commissioner and federal courts review the ALJ's decision for substantial evidence based on the record as a whole. See id. at 1161-62 ("the administrative record includes evidence submitted to and considered by the Appeals Council."). The extent of the record before the reviewing district court is therefore dependent on what evidence the Appeals Council considered—or should have considered—in its decision. See Vahey v. Saul, Civ. No. 18-0035-ACK-KJM, 2019 WL 3763436, at *4 (D. Haw. Aug. 9, 2019). When the Appeals Council "considers" evidence that an ALJ did not originally review in "deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Brewes, 682 F.3d at 1163. Conversely, if the Appeals Council does not

consider new evidence submitted to it, such evidence does not become part of the administrative record before the reviewing court.  See Shawn Patrick S. v. Kijakazi, NO: 2:20-CV-0296-LRS, 2021 WL 4851063 at *7 (E.D. Wash. Oct. 18, 2021) (citing Bales v. Berryhill, 688 F. App'x 495, 496 (9th Cir. 2017) (unpublished)).

The word "'considered' has become a term of art in Social Security cases." Schenone v. Saul, No. 2:18-cv-01655-AC, 2019 WL 2994492, at *6 (E.D. Cal. July 9, 2019).  The Ninth Circuit has distinguished between evidence that the Appeals Council formally "considered" by exhibiting and making it part of the record in its decision, and evidence that the Appeals Council merely "looked at" in determining that it did not meet the standard for further consideration.  See, e.g., Ruth v. Berryhill, 1:16–CV–0872–PK, 2017 WL 4855400, at *8-9 (D. Or. Oct. 26, 2017) (discussing the difference between the Appeals Council "considering" new evidence as opposed to merely "looking at" it); West v. Berryhill, Case No. 18-cv-00092-DKW-RT, 2019 WL 362259, at *5 (D. Haw. Jan. 29, 2019) (same).

The Social Security regulations permit a claimant to submit new and material evidence to the Appeals Council and explain that the Council will:

> review a case if . . . [s]ubject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

20 C.F.R. § 404.970(a)(5) (effective Dec. 6, 2020).  Paragraph (b) of this section provides that "[t]he Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence" in time for the ALJ to consider it in rendering his or her decision.  20 C.F.R. § 404.970(b) (citing 20 C.F.R. § 404.935) (listing non-exhaustive examples of good cause for failing to submit evidence to the ALJ in time).  Cumulatively, then:

> the Appeals Council must consider additional evidence that was not before the ALJ if: 1) [paragraph b] is satisfied, i.e., good

cause is shown; 2) the additional evidence is new, material, and relates to the period up to and before the date of the ALJ's decision; and 3) "there is a reasonable probability" the ALJ's decision would have been different if the ALJ had the additional evidence.

<u>Matias v. Saul</u>, CIV. NO. 19-00575 LEK-KJM, 2021 WL 531238, at *7 (D. Haw. Feb. 12, 2021) (emphasis added).  The framework noted above accordingly creates two pertinent questions when, as here, a claimant submits new evidence to the Appeals Council: (1) whether the Appeals Council "considered"—or should have considered—the newly presented evidence, and (2) whether remand is appropriate for the ALJ's consideration of that new evidence.  <u>See</u> <u>Vahey</u>, 2019 WL 3763436, at *5.

### 2.     Additional evidence submitted to the Appeals Council

After the January 12, 2021 hearing (<u>see</u> AR at 47), the ALJ issued his decision to deny disability benefits on March 10, 2021.  (<u>See</u> <u>id.</u> at 33.)  Plaintiff's attorney requested that the Appeals Council review that decision on May 12, 2021.  (<u>See</u> <u>id.</u> at 189.)  After requesting an extension of time, on July 7, 2021, Plaintiff's attorney submitted new evidence to the district office in the form of a six-page report by Jerry F. Benzl, M.D., dated June 12, 2021.  (<u>See</u> <u>id.</u> at 38-44.)  Dr. Benzl's report consists of two parts: a "Mental Residual Functional Capacity Questionnaire" containing a series of checkboxes about Plaintiff's mental abilities, and an "Evaluation Form for Mental Disorders" containing several handwritten descriptions of Plaintiff's mental abilities and functional limitations.  (<u>See</u> <u>id.</u>)  The Mental RFC Questionnaire opined that Plaintiff would have "marked" limitations precluding up to sixty percent of an eight-hour workday in her abilities to (1) "Understand and remember and carry out simple tasks and instructions," (2) "Understand and remember and carry our detailed tasks and instructions," (3) "Maintain attention for two-hour segment," and (4) "Complete a normal workday and workweek without interruptions from psychologically based symptoms."  (<u>Id.</u> at 39.)  Dr. Benzl also assessed that Plaintiff would have a "moderate" limitation—one that precludes up to twenty-five percent of an eight-hour workday in her ability to "Maintain regular

attendance and be punctual within customary, usually strict tolerances." (<u>Id.</u>)  Dr. Benzl further concluded that Plaintiff has a "marked" functional loss on a 'regular and continuing' basis in her ability to (1) "interact appropriately with the general public," (2) "interact with co-workers," and (3) "interact with supervisors." (<u>Id.</u>)  A marked limitation in these areas means that Plaintiff could not perform these functions or would only be able to do so on rare occasions. (<u>See id.</u>)  The form noted that Plaintiff would be absent from work "more than four days per month" and that "post traumatic experiences . . . limit her ability to cope with elevated stress." (<u>Id.</u> at 40.)  Dr. Benzl checked a box affirming that these limitations existed since he started treating Plaintiff in 2019. (<u>See id.</u> at 40, 41.)

In the Evaluation Form, Dr. Benzl noted that he first examined Plaintiff in August of 2019, with her last monthly visit occurring in May of 2021. (<u>See id.</u> at 41.)  This form contains multiple descriptions of Dr. Benzl's diagnoses, as well as a more in-depth discussion of Plaintiff's limitations in a work setting. (<u>See id.</u> at 41-44.)  Of particular relevance, Dr. Benzl noted that Plaintiff had failed to see improvement after starting at least six antidepressant and mood stabilizing medications, has a history of "multiple [traumatic brain injuries] that negatively impact her response to treatments," and that Plaintiff experiences "flashbacks of past trauma." (<u>Id.</u> at 41.)  In a section labeled "Current Level of Functioning," Dr. Benzl opined that "it is highly probable that even minor or mundane demands of a work environment would precipitate extreme anxiety or panic and that such frustration would cascade with [claimant] to drive her into a state of helplessness." (<u>See id.</u> at 43.)  Finally, Dr. Benzl noted that "the severity of the patient's mental health conditions are made significantly worse due to past trauma and current medical issues—including traumatic brain injury." (<u>Id.</u> at 44.)

After submitting Dr. Benzl's report to the district office in July of 2021, Plaintiff's counsel submitted a brief in support of Plaintiff's initial request for the Appeals Council's review of the ALJ's decision on August 11, 2021. (<u>See id.</u> at 304-308.)  Attached to the brief were 103 pages of exhibits in the form of DOT job descriptions that Plaintiff

1  included to support arguments about errors in the ALJ's step-five determination in the

2  written decision.  (See id. at 309-412.)  The brief in support of Plaintiff's request for

3  review does not mention Dr. Benzl's report.  (See generally id. at 304-308.)

### 3.  The Appeals Council's decision

On March 16, 2022, the Appeals Council denied Plaintiff's request for review of

ALJ Delphey's decision.  (See id. at 1-5.)  The Notice of Appeals Council Action states,

in pertinent part:

> This is about your request for review of the Administrative Law
> Judge's decision dated March 10, 2021.  You submitted reasons
> that you disagree with the decision.  We considered the reasons
> and exhibited them on the enclosed Order of the Appeals
> Council.  We found that the reasons do not provide a basis for
> changing the Administrative Law Judge's decision.

(Id. at 1.)  In a section labeled "Additional Evidence," the Notice of Appeals Council

Action states: "You submitted evidence from Jerry F. Benzl, M.D. dated June 12, 2021 (7

pages).  There is no reasonable probability of this evidence changing the outcome of the

decision.  We did not exhibit this evidence."  (Id. at 2.)  The accompanying Order of

Appeals Council states, in its entirety:

> The Appeals Council has received additional evidence which it
> is making part of the record.  That evidence contains the
> following exhibits:

| | |
|---|---|
| Exhibit 15B | Request for Review of Hearing Decision received May 12, 2023 (4 pages) |
| Exhibit 16B | Request for Review of Hearing Decision received May 12, 2021 (3 pages) |
| Exhibit 17B | Request for review of Hearing Decision received May 18, 2021 (2 pages) |
| Exhibit 15E | Representative Brief dated August 11, 2021, With Attached Vocational Evidence (109 pages) |

1    (Id. at 5.)  Dr. Benzl's opinion does not appear on the Appeals Council exhibit list,

2    although it was included in the Administrative Record prepared for this Court.  (See id. at

3    38-44.)  Nowhere in the denial did the Appeals Council address the late submission of the

4    evidence, including whether Plaintiff made a showing of "good cause" for the delay.

5    Furthermore, the Appeals Council did not address whether Dr. Benzl's opinion presented

6    new, material information that related to a period before the ALJ's decision under 20

7    C.F.R. § 404.970(a)(5).

8          **4.**     **Analysis**

9            **a.**      **Whether the Appeals Council "considered" Dr. Benzl's report**

10        Somewhat frustratingly, the parties' arguments do not shed light in any meaningful

11    fashion on the critical question of whether the Appeals Council "considered" the new

12    evidence presented by Plaintiff in the form of Dr. Benzl's opinion such that it should be

13    part of the administrative record and addressed by the Court.  Citing to Brewes, Plaintiff

14    contends that after the Appeals Council considers new evidence, a reviewing court must

15    then "consider whether the post-decision evidence undermines or further supports the

16    ALJ's decision."  (J. Mot. at 13.)  Plaintiff urges the Court to conclude that Dr. Benzl's

17    opinion undermines the ALJ's decision, therefore rendering it unsupported by substantial

18    evidence.  (J. Mot. at 13; 15:25-16:5.)  Implicit in that argument is the contention that the

19    Appeals Council considered Dr. Benzl's opinion such that the Court can conduct a

20    substantial evidence review of the ALJ's findings against that opinion, but that is as far as

21    Plaintiff's argument goes on the subject.  Defendant similarly does not address whether

22    the Appeals Council considered Dr. Benzl's opinion, instead contending that "Dr. Benzl's

23    opinion does not impact the validity of the ALJ's findings or the substantial evidence

24    underlying them," and listing reasons why the Court should conclude that the ALJ's

25    decision was supported by substantial evidence.  (J. Mot. at 16:21-23, 17-18.)

26        The Appeals Council's decision likewise did not include a definitive statement as

27    to whether it "considered" Dr. Benzl's opinion.  In pertinent part, the Notice of Appeals

28    Council Action ("Notice") explains that after reviewing Plaintiff's brief explaining her

reasons for disagreeing with the ALJ's decision, "we considered the reasons and exhibited them on the enclosed Order of the Appeals Council." (AR at 1.)  Dr. Benzl's opinion was not included as an exhibit in the attached Appeals Council order, and the Appeals Council later concluded that "[t]here is no reasonable probability of this evidence changing the outcome of the decision.  We did not exhibit this evidence." (Id. at 2.)

At the outset, the Court notes that there is no clear consensus within the Ninth Circuit as to whether such language means that the Appeals Counsel considered new evidence, or merely looked at it for the purposes of determining that it did not meet the standard for further consideration.  Some district courts have concluded that similar language in the Appeals Council's notice demonstrates that the Appeals Council merely looked at the new evidence, without actually considering it, precluding the reviewing court from using it in a substantial evidence review of the ALJ's decision.  See Kimberly B. v. Comm'r, Soc. Sec. Admin., Case No. 3:22-cv-00436-YY, 2023 WL 4074668, at *7 (D. Or. June 20, 2023) (collecting cases concluding that similar language means that the Appeals Council only looked at the new evidence).  For example, when the Appeals Council explicitly states that it "did not consider and exhibit" new evidence, some courts have concluded that the new evidence was only looked at, rather than considered.  See, e.g., Kekaula v. Berryhill, Civ. No. 17-00551 ACK-KJM, 2018 WL 3146590, at *8 n.9 (D. Haw. June 27, 2018) ("The Appeals Council appears to have looked at the [new evidence], but explicitly did not consider it.").[2]  In a case with even more closely

_____

[2] In other situations where the Appeals Council has stated specific reasons for declining to consider new evidence, most courts have concluded that the Appeals Council merely "looked at" the newly filed records to determine whether they met the standard for consideration, without actually considering them. For instance, when the Appeals Council declines to review new evidence because it does not relate to the disability period at issue, courts have generally concluded that the Appeals Council did not "consider" this new evidence. See, e.g., Ruth, 2017 WL 4855400, at *8-9 (holding that when the Appeals Council concluded that the evidence at issue was outside of the claimant's disability period, such language meant that the Appeals Council did not "consider" the new records).

22cv670-LR

comparable Appeals Council language to the one in the instant matter, when the Appeals Council reasoned that the new evidence "[did] not show a "reasonable probability that it would change the outcome of the decision" and "did not exhibit this evidence" without any description of whether it was "considered," the reviewing court nevertheless concluded that the Appeals Council merely "looked at" the evidence, and excluded the new evidence from its consideration of the ALJ's decision.  Hensley v. Comm'r of Soc. Sec., No. 2:20-cv-1448-KJN, 2022 WL 891289, at *12-13 (E.D. Cal. Mar. 25, 2022) (internal quotations omitted).  The Hensley court looked to earlier language in the Appeals Council notice, similar to the language included earlier in the Appeals Council order in the instant case, which stated that it "considered the reasons [for disagreement with the ALJ's decision] and exhibited them on the enclosed Order of the Appeals Council."  Id. at *12 (internal quotations omitted).  The fact that the new evidence submitted to the Appeals Council had not been exhibited in the Appeals Council order, to the Hensley court, "strongly suggest[ed] that no other exhibits, i.e., [the new evidence] were 'considered.'"  Id.

Other courts have found this language to either be ambiguous or an indication that the Appeals Council did in fact "consider" the evidence—and remanded for further proceedings.[3]  See, e.g., Vahey, 2019 WL 3763436, at *10 ("At this point, the Court can only speculate as to whether the Appeals Council 'considered' the Pre-Decision records. With this uncertainty, the Court sees remand as the only option, to allow the ALJ to reconsider the evidence under the relevant standards.");  Franz v. Comm'r of Soc. Sec.,

---

[3] Yet another category of cases avoids the issue of considering the Appeals Council decision when the Appeals Council Notice concludes that the new evidence "would not change the outcome" of the decision, instead opting to review the new evidence as part of the Administrative Record in a substantial evidence review of the ALJ's decision.  See, e.g., George S. v. Kijakazi, Case No. 1:21-CV-00183-CWD, 2022 WL 4016863, at *4 (D. Idaho Sept. 1, 2022) ("The Appeals Council is not required to make any particular evidentiary findings in support of its decision . . . However, to the extent Petitioner is asking the Court to review the additional records in the Court's overall review of the ALJ's decision . . . the Court may do so.").  For reasons more fully explained below, the Court declines to follow this approach in the instant case.

No. 2:21-cv-583-KJN, 2022 WL 4537991, at *4 (E.D. Cal. Sept. 28, 2022) ("the undersigned construes this as indicating Dr. Vega's statement was in fact considered—otherwise the court cannot understand how the Council could have concluded the opinion would not have changed the outcome."); Shelly C. v. Saul, No: 2:20-CV-00201-FVS, 2021 WL 2653733, at *8 (E.D. Wash. June 25, 2021) ("This Court joins others in finding that it is not clear how the Appeals Council determined that the new evidence would not impact the outcome of the ALJ's decision while simultaneously not considering it and not associating it with the record.").

Turning to the instant case, the Court recognizes the tension between the caselaw within the Ninth Circuit and the regulatory framework set out above. On one hand, the regulations plainly contemplate situations in which the Appeals Council—and the Court in turn—need not consider new evidence in its review of the ALJ's decision. See 20 C.F.R. § 404.970(a)(5) & (b); cf. Matias, 2021 WL 531238, at *7 (noting circumstances in which the Appeals Council *must* consider new evidence). When the Appeals Council Notice explicitly states that it did not "consider and exhibit [new evidence]," it is tempting to take the Appeals Council at its word and exclude that evidence from the Court's ultimate review of the ALJ's decision. See West v. Berryhill, Case No. 18-cv-00092-DKW-RT, 2019 WL 362259, at *5 (D. Haw. Jan. 29, 2019) ("Obviously, if the Appeals Council did not consider those opinions in any fashion, then the opinions would not make it reasonably probable that the outcome of the case would change . . . *looking at* additional evidence is not the same thing as *considering* it."). Equally understandable are other courts' inferences from the Appeals Council's choice not to exhibit proposed new evidence that this evidence was not "considered" for the purposes of its inclusion in the record. See Hensley, 2022 WL 891289, at *12 ("it is sufficiently inferable from the Appeals Council's statement that it 'did not exhibit' Dr. Chaney's opinion that it did not "consider" his opinion within the meaning of Brewes and § 404.970.").

The problem with such reasoning, however, is that it does nothing to resolve the inconsistencies within the Appeals Council's own statements in the instant matter. The

Court simply cannot reconcile the Appeals Council's conclusion that "there is no reasonable probability of this evidence changing the outcome of the decision," (AR at 2) with the possibility that the Appeals Council did not consider this opinion such that it should not be included in the Court's substantial evidence review.  The Appeals Council must have—on some level—considered Dr. Benzl's report to reach the conclusion that there was no reasonable probability of it changing the outcome of the ALJ's decision.  Although it is true that Dr. Benzl's opinion was not formally exhibited in the Appeals Council's order, this fact does not detract from the Court's ultimate conclusion.  See Denise Michele F. v. Saul, Case No.: 19cv2082-MDD, 2020 WL 6886265, at *4 (S.D. Cal. Nov. 24, 2020) ("[e]ven though the Appeals Council 'did not exhibit this evidence,' it did in fact consider the records in concluding that they 'do[] not show a reasonable probability that it would change the outcome of the decision.'"); cf. Vahey, 2019 WL 3763436, at *9 n. 11 ("[a]t the same time, had the Council 'considered' the evidence, presumably they would have exhibited it."); but see Hensley, 2022 WL 891289, at *13 ("[h]ad the opinion been exhibited and affirmatively made a part of the record, that would demonstrate that the Appeals Council had considered it.").  Indeed, if all the Appeals Council had to do to avoid the consideration of additional evidence was exclude it from the exhibits list and include a cursory statement that it "did not exhibit [the new evidence]," (AR at 2) the regulations requiring review of new evidence in certain situations would have little meaning.  In sum, this Court "joins others in finding that it is not clear how the Appeals Council determined that the new evidence would not impact the outcome of the ALJ's decision while simultaneously not considering it and not associating it with the record." Shelly C., 2021 WL 2653733, at *8.  The internal inconsistencies within the Appeals Council's notice leave the Court unsure as to what extent Dr. Benzl's opinion was considered for the purposes of inclusion in the record, and the Court cannot conclude that it was merely "looked at" for the purposes of its inclusion in the record.  Dr. Benzl's opinion must therefore be reviewed as part of the record in determining whether the ALJ's decision was supported by substantial evidence.

1      The Court acknowledges that this conclusion is ultimately based on a lack of

2   clarity within the Appeals Council's Notice.  If the Appeals Council (or the parties) had

3   addressed the other factors used to review a claimant's presentation of new evidence

4   under 20 C.F.R. § 404.970(a)(5) & (b), especially in deciding whether Plaintiff had good

5   cause to submit Dr. Benzl's opinion after the ALJ's decision, the Court might have been

6   in a better position to conclude that the Appeals Council did not consider the opinion—

7   and ultimately exclude it from its substantial evidence review.  See, e.g., Carroll v.

8   Comm'r of Soc. Sec., Case No. 1:20-cv-00491-HBK, 2021 WL 5785054, at *3-4 (E.D.

9   Cal. Dec. 7, 2021) (excluding new evidence from review after the Appeals Council

10  concluded that the claimant did not show good cause for the late filing).  While the Court

11  is not convinced that Plaintiff had good cause for the report's late submission, the report

12  appears to relate directly to the disability period assessed in the ALJ's decision, and could

13  contradict the ALJ's analysis of Plaintiff's mental impairments altogether.  (See AR at

14  39-44.)  Given these concerns, the Court declines to speculate about these factors as well,

15  and cannot exclude Dr. Benzl's report from its substantial evidence review of the ALJ's

16  decision.  See Hensley, 2022 WL 891289, at *12 ("preferably the Appeals Council would

17  address in its decision all three components of the applicable regulation [20 C.F.R. §

18  404.970] and clearly state whether it did or did not consider the additional records.").

19          **b.    Substantial evidence review**

20          With the addition of Dr. Benzl's report, the record now contains a medical opinion

21  from a treating physician which assesses much more severe mental limitations during the

22  relevant disability period than the ones assessed by the ALJ.  (Compare AR at 27-28

23  (assessing moderate or mild limitations in all of the mental function areas), with AR at 39

24  (assessing "marked" limitations in all but one of the mental function areas).)  Because

25  this new evidence directly undermines the basis of the ALJ's decision, the Court

26  concludes that the Commissioner's decision was not supported by substantial evidence.

27  See Brewes, 682 F.3d at 1164.

28          Defendant identifies several reasons as to why the ALJ would have concluded that

Dr. Benzl's report was unpersuasive in any event.  (See J. Mot. at 16-18.)  Specifically, Defendant notes that Plaintiff's levels of daily living demonstrated intact levels of cognitive, social, and other mental functions are consistent with the RFC that the ALJ assessed.  (See id. at 16:16-26.)  Furthermore, Defendant argues that Dr. Benzl's own findings within the record were largely normal and "actually supported the RFC's finding," and points to Plaintiff's overreliance on "isolated instances where she presented with an anxious or depressed mood."  (See id. at 17.)  Finally, citing to Berkebile v. Berryhill, 714 Fed. App'x 649, 651 (9th Cir. 2017) and Macri v. Chather, 93 F.3d 540, 544 (9th Cir. 1996), Defendant contends that Dr. Benzl's opinion is "less persuasive" because it was rendered after the ALJ had already issued his decision.  (See J. Mot. at 16:7-15.)

These arguments are essentially an invitation for the Court to independently review the record and determine whether the ALJ's decision ultimately needs to analyze Dr. Benzl's opinion to be justified by substantial evidence.  (See id. at 16 ("Dr. Benzl's opinion does not impact the validity of the ALJ's findings or the substantial evidence underlying them.").  This position is understandable—indeed, other courts have, regardless of whether the new evidence was ultimately "considered" by the Appeals Council, performed an independent substantial evidence review of the newly submitted records to determine whether they would affect the outcome of the ALJ's decision.  See, e.g., Vahey, 2019 WL 3763436, at *9 (collecting cases that decided to perform an independent review of the newly submitted evidence); George S., 2022 WL 4016863, at *4 ("to the extent Petitioner is asking the Court to review the additional records in the Court's overall review of the ALJ's decision . . . the Court may do so.").  In the Court's view, however, such an undertaking would circumvent the requirement that district courts review the reasons presented by the ALJ in denying an application for benefits, not *post hoc* rationalizations by the Commissioner or reasons that do not exist in the ALJ's decision in the first place.  See, e.g., Krummel v. Kijakazi, Case No. 1:22-cv-00048-SKO, 2023 WL 4209757, at *4 (E.D. Cal. June 27, 2023) (declining to speculate about

the weight that the ALJ would assign to a medical opinion during the relevant treatment period considered by the Appeals Council but not included in the ALJ's decision); Davis v. Saul, Case No. 1:20-cv-01327-SKO, 2021 WL 2681442, at *4-5 (E.D. Cal. June 30, 2021) (remanding when the ALJ's decision did not include an analysis of the supportability and consistency factors related to treating physician's opinion that was rejected by the Appeals Council).  Dr. Benzl's notes about his examinations of Plaintiff, as well as a discussion of how these examinations relate to his ultimate medical findings in his written opinion are not discussed in the ALJ's decision.  (See generally AR at 23-33.)  While it is certainly possible that this report will be deemed "less convincing" because it was written after the ALJ's decision, or overly reliant on isolated instances of anxiety or depression in the record—as Defendant urges the Court to do in the Joint Motion—such conclusions would require engaging with analysis that is not present in the ALJ's decision itself.  See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1226 (9th Cir. 2009) ("[l]ong-standing principles of administrative law require [courts] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").  As the ALJ did not have the benefit of considering Dr. Benzl's opinion within the record as a whole, the ALJ—and not this Court—should be given the opportunity to review it in the first instance.

Nor can the Court conclude that the exclusion of Dr. Benzl's report from the ALJ's opinion is harmless.  An error is harmless only when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006).  Here, the error is harmful because Dr. Benzl's opinion directly calls into question the mental limitations assessed by the ALJ.  Using the evidence available to him, the ALJ concluded that Plaintiff had mild limitations in all but one of the "paragraph B" functional areas (see AR at 27-28), while Dr. Benzl concluded that Plaintiff would have "marked" limitations in all but one of the functional areas that he

assessed.[4]  (See AR at 39.)  The Court therefore cannot conclude that no reasonable ALJ, after considering Dr. Benzl's opinion, could have reached a different disability determination.  See Amanda Carolina C. v. Kijakazi, Case No. CV 20-6940-JPR, 2022 WL 16847784, at *5-6 (C.D. Cal. May 4, 2022) (noting that evidence excluded by the Appeals Council could have been relevant to the ALJ's disability determination).  On remand,[5] the ALJ should be given the opportunity to analyze Dr. Benzl's report.

**B.**    **Remaining Assignments of Error**

Because the Court concludes that remand is appropriate for the ALJ to consider Dr. Benzl's opinion, the Court declines to reach Plaintiff's additional assertion that the ALJ erred in evaluating Plaintiff's subjective symptom testimony.  See, e.g., Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); Franz, 2022 WL 4537991, at *7 ("Given that the proper remedy is to allow the ALJ to consider Dr. Vega's opinion on remand, and given the intertwined nature of plaintiff's other arguments, the undersigned declines to reach them."); Krummel, 2023 WL 4209757, at

---

[4] The Court notes that ALJ's opinion and Dr. Benzl's report do not use exactly the same functional criteria in assessing Plaintiff's mental capacity.  (Compare AR at 27-28 (assessing limitations under the Social Security Administrations regulations outlined in 20 C.F.R. Part 404, Subpart P, Appendix 1), with AR at 39 (assessing limitations using different criteria).)  If anything, however, these differences demonstrate that the ALJ should have the opportunity to translate Dr. Benzl's report into limitations under the Social Security Administration's regulations in the first instance, rather than the Court undertaking an independent review of this material before the ALJ is able to consider it.

[5] 42 U.S.C. § 405(g) contemplates two types of remands if there is new evidence not before the ALJ: a "Sentence Four" remand and a "Sentence Six" remand.  See Will v. Colvin, Civil No.: 3:14-cv-00754-JE, 2016 WL 3450842, at *6-11 (D. Or. May 18, 2016).  A Sentence Four remand is appropriate for evidence submitted to the Appeals Council that is made part of the record or erroneously not incorporated into the record.  See Elisha G. v. Comm'r, Soc. Sec. Admin., Case No. 2:22-CV-00045-HL, 2023 WL 1433799, at *4 (E.D. Cal. Feb. 1, 2023) (discussing Sentence Four and Sentence Six remands).  A Sentence Six remand, on the other hand, applies to consideration of evidence outside the record when the evidence is new and material and good cause exists for failing to incorporate the evidence in a prior proceeding.  See id.; see also Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001).  Because the Court concludes that Dr. Benzl's opinion is appropriately considered as part of the record, a Sentence Four remand is warranted in the instant case.

*5 (declining to reach the other assignments of error by the plaintiff when the ALJ needed to consider a doctor's opinion for the first time on remand).

## VII.   REMAND

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits.  See, e.g., Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985) (decision of whether to remand for further proceedings or remand for immediate payment of benefits is within the discretion of the reviewing court).  Whether an action is remanded for further proceedings or for an award of benefits depends on the likely utility of additional proceedings.  Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000).  In determining whether an award of benefits is warranted, the Court conducts the "three-part credit-as-true" analysis.  Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Under this analysis the Court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceeding would serve no useful purpose; and (3) if the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled on remand.  See Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015).

Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]"  Garrison, 759 F.3d at 1021.  "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts into serious doubt" whether the claimant is disabled under the Act.  Dominguez, 808 F.3d at 407 (quoting Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotations omitted)).

The Court concludes that the "rare circumstances that result in a direct award of benefits are not present in this case."  Leon v. Berryhill, 880 F.3d 1041, 1047 (9th Cir. 2017).  Because the ALJ should be given the opportunity to review Dr. Benzl's opinion

in the first instance as part of the record, remand is appropriate.  See Krummel, 2023 WL 4209757, at *5 (concluding that the ALJ needed to consider a doctor's opinion for the first time on remand).

## VIII.  CONCLUSION

For the reasons set forth above, the Court concludes that remand for further proceedings is warranted.  Additional administrative proceedings will allow the ALJ to fully analyze Dr. Benzl's opinion in formulating Plaintiff's RFC.  Accordingly, the Court **ORDERS** that judgment be entered **REVERSING** the decision of the Commissioner and **REMANDING** this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Dated:  September 27, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge