UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY W.,[1]<br><br>                                    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of the Social Security Administration,<br><br>                                    Defendant. | Case No.: 22cv670-LR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)**<br><br>**[ECF No. 19]** |

On May 12, 2022, Plaintiff Misty W. filed a complaint against the Commissioner of the Social Security Administration ("Defendant"), seeking judicial review of Defendant's decision to deny Plaintiff supplemental security income. (See Compl., ECF No. 1.) On September 27, 2023, the Court issued an order reversing the Commissioner's decision and remanding for further administrative proceedings. (See ECF No. 17.)

Now pending before the Court is Plaintiff's Motion for attorney fees and expenses

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-government party or parties in this case. See S.D. Cal. Civ. R. 7.1(e)(6)(b).

in the amount of $6,266.18 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (See ECF No. 19.) Defendant does not oppose Plaintiff's fee motion. (See ECF No. 21 at 2.) For the reasons stated below, the Court **GRANTS** Plaintiff's motion and awards Plaintiff attorney fees of $6,266.18.

## I.  DISCUSSION

**A.  Applicable Law**

A litigant is entitled to attorney fees and costs under the EAJA if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." Carbonell v. I.N.S., 429 F.3d 894, 898 (9th Cir. 2005); see also 28 U.S.C. § 2412(a), (d). The Court addresses these elements in turn below.

**B.  Prevailing Party**

A plaintiff is a prevailing party if he or she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" Ulugalu v. Berryhill, Case No. 3:17-cv-01087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting Shalala v. Schaefer, 509 U.S. 292, 302 (1993)). Here, there is no doubt that Plaintiff is the prevailing party—she demonstrated that remand was appropriate so that the agency could evaluate a medical opinion that was not included in the original record before the administrative law judge ("ALJ") in this case. (See ECF No. 17 at 18-19.)

**C.  Substantial Justification and Special Circumstances**

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. § 2412(d)(1)(A). See Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013). The Supreme Court has held that a position may be substantially justified "if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). When determining whether the government's position was substantially justified, the court considers "both the government's litigation position and the underlying agency

1  action giving rise to the civil action." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).
2  The government's position must be "as a whole, substantially justified." Gutierrez v.
3  Barnhart, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (emphasis omitted).  "[D]istrict courts
4  should focus on whether the government's position on the particular issue on which the
5  claimant earned remand was substantially justified, not on whether the government's
6  ultimate disability determination was substantially justified." Hardisty v. Astrue, 592
7  F.3d 1072, 1078 (9th Cir. 2010) (citing Flores v. Shalala, 49 F.3d 562, 566 (9th Cir.
8  1990)).

9      Defendant has not carried the burden of demonstrating that the Government's
10 position was substantially justified or that an award of attorney fees under the
11 circumstances would be unjust.  See id.  Defendant effectively concedes that the
12 Government's litigation position had no reasonable basis in law or fact, and that there are
13 no special circumstances that would make the award of attorney fees here unjust.
14 Accordingly, the Court finds no basis to deny the EAJA fee request pursuant to §
15 2412(d)(1)(A).

16 **D.**     **Whether the Amount Sought is Reasonable**

17     The EAJA provides that courts may award reasonable attorney fees "based upon
18 prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. §
19 2412(d)(2)(A).  Additionally, courts generally defer to the winning lawyer's professional
20 judgment as to how much time was required to complete the litigation.  See, e.g., Costa v.
21 Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) ("'lawyers are not
22 likely to spend unnecessary time on contingency fee cases in the hope of inflating their
23 fees' because 'the payoff is too uncertain.' []As a result, courts should generally defer to
24 the 'winning lawyer's professional judgment as to how much time he was required to
25 spend on the case.'") (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1112-13
26 (9th Cir. 2008)); see also id. at 1136 ("[m]any district courts have noted that twenty to
27 forty hours is the range most often requested and granted in social security cases"); Krebs
28 v. Berryhill, No. 16-cv-3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21,

2018) (finding that 21.7 hours billed by plaintiff's counsel and 3.5 hours billed by a paralegal a reasonable number of hours).

Here, fee amount presented through the itemized list of fees from Plaintiff's counsel is reasonable. (See ECF No. 19-1.) The itemized list notes 3.75 hours of billed paralegal time, 23.95 hours of billed attorney time, and $24.25 in expenses for service of the complaint by certified mail, totaling $6,266.18. (See id.) Furthermore, as provided for in Plaintiff's retainer agreement attached to her fee motion, Plaintiff's counsel was entitled to receive up to twenty-five percent of Plaintiff's past due benefits if the litigation was successful. (See ECF No. 19-3.) Additionally, Plaintiff's motion requests that the fees payable to Plaintiff be assigned to her attorney and addresses offsets allowed under the US Department of the Treasury's Offset Program (see ECF No. 19 at 11), contending that "[t]he Court should order the payment of fees, costs, and expenses in light of the express assignment contained in the retainer agreement subject to the offset rights of [the] Treasury. If no interested person or entity makes a superior claim to the fees awarded, the Court should award those fees to [Plaintiff's attorney]." (Id.) Given that Defendant does not object to any of these items, the Court concludes that these terms are also reasonable.

## II. CONCLUSION AND ORDER

The Court concludes that Plaintiff is entitled to fees in this case, and that Plaintiff's requested fees and terms are reasonable. The Court accordingly **GRANTS** Plaintiff's fee motion (ECF No. 19) and awards Plaintiff attorney fees and expenses in the amount of $6,266.18, as authorized by 28 U.S.C. § 2412(d), subject to the terms of Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: February 6, 2024

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge